UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BUISSON CREATIVE STRATEGIES, LLC, ET AL | CIVIL ACTION |
| VERSUS | NO: 15-6272 |
| CHRISTOPHER ROBERTS, ET AL | SECTION "H" |

ORDER AND REASONS

Before the Court is Defendant Chris Roberts's Motion for Partial Summary Judgment (Doc. 71). For the following reasons, this Motion is **DENIED**.

BACKGROUND

Plaintiffs Buisson Creative Strategies and Gregory Buisson bring this action against Christopher Roberts and Jefferson Parish alleging numerous constitutional violations. Plaintiff BCS is a business that provides public relations, advertising, marketing, event management, graphic design, and consulting services. Prior to November 4, 2015, it had numerous contracts with Jefferson Parish including providing services to the Jefferson Parish Convention and Visitors Bureau, event management services for Lafreniere

1

Park, and event management services associated with the review stands for Jefferson Parish's East Bank Mardi Gras parades. During the fall 2015 primary election for the Jefferson Parish Council, Plaintiffs provided consulting services to Louis Congemi in his race for Parish Council against incumbent Defendant Christopher Roberts. BCS produced various commercials for the Congemi campaign alleging that Roberts was unqualified for office because of, inter alia, his alleged failures to file income tax returns.

Roberts ultimately won re-election. According to the Complaint, he was intent on retaliating against Plaintiffs for their role in creating the Congemi attack ads. Plaintiffs aver that Roberts impermissibly used his legislative authority to enact Ordinance 25045, which had the effect of terminating BCS's contracts with the Parish and its entities. The ordinance provides that any person or firm who has received compensation for the management or consulting of political campaigns for a candidate for the council of for Jefferson Parish President during an "election cycle" cannot be awarded contracts with the Parish regardless of whether a candidate wins or loses. It also terminated such individual's existing contracts with the Parish. Plaintiffs aver that this ordinance is narrowly tailored to target them and only them. They allege that the ordinance violates the contracts clause, the First Amendment, equal protection, due process, and the prohibition on bills of attainder. They seek an injunction prohibiting enforcement of the ordinance and damages pursuant to 42 U.S.C. § 1983.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law."[1]  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3]  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4]  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5]  "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6]  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7]  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

---

[1] Fed. R. Civ. P. 56(c) (2012).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).
[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).
[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

## LAW AND ANALYSIS

The issue presented by Roberts's Motion is relatively straightforward: he seeks dismissal of the official-capacity claims asserted against him as duplicative of the claims asserted against Jefferson Parish. Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent."[9] If the claims against an official in his official capacity are duplicative of claims against a governmental entity seek identical relief, the official capacity claims may be dismissed as duplicative.[10] The relief requested by Roberts is, therefore, only appropriate if there are claims against Jefferson Parish that seek relief duplicative of the claims asserted against Roberts in his official capacity. A plain reading of the Complaint reveals that this is not the case. Against Roberts in both his official capacity and his individual capacity, Plaintiffs have plead a cause of action seeking damages for civil rights violations pursuant to 42 U.S.C. § 1983. The only claims asserted directly against this Parish are claims for declaratory and injunctive relief regarding the constitutionality of Ordinance No. 25045. Plaintiffs seek no injunctive relief against Roberts. Though Roberts is correct that the § 1983 claim plead against him in his official capacity is another way of pleading a claim against the parish, this claim is not duplicative of any other claim asserted in the Complaint. Put differently, if the Court were to dismiss the § 1983 claims asserted against Roberts in his official capacity, there would be no remaining § 1983 claim against the Parish. Because the claims against Roberts in his official capacity are not duplicative of any other claims, they may not be dismissed at this time.

---

[9] *Monel v. Dep't. of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978).
[10] *See Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001).

## CONCLUSION

For the foregoing reason, Chris Roberts's Motion for Partial Summary Judgment (Doc. 71) is **DENIED.**

New Orleans, Louisiana this 7th day of October, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**