UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BUISSON CREATIVE STRATEGIES, L.L.C, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO:    15-6272** |
| **CHRISTOPHER ROBERTS, ET AL** | **SECTION: "H" (4)** |

### ORDER

Before the Court is a **Motion to Quash (R. Doc. 134)**, filed by the Defendant, Jefferson Parish, seeking an order from the Court quashing the depositions of Deborah Foshee and Ben Zahn noticed by Defendant Christopher Roberts for January 6, 2017 and January 9, 2017. R. Doc. 134, p. 1. The motion is opposed. R. Doc. 137; R. Doc. 141; R. Doc. 143. The motion was submitted on January 5, 2017 and decided without oral argument. For the following reasons, th

.0e motion is **GRANTED.**

**I.      Background**

This dispute involves an Ordinance that was enacted by the Jeff0erson Parish Council. Greg Buisson, the owner of Buisson Creative Strategies, alleges that Ordinance No. 25045 was enacted as retaliation for him being a political consultant to the candidate that ran against Councilman Christopher Roberts. R. Doc. 1, p. 8. Ordinance No. 25045 which was enacted after the Fall 2015 primary election prohibits the Parish from contracting with firms or persons owning a five percent or more interest in a company that manages or provides consulting to political campaigns during the preceding election cycle. Id. at 10. Plaintiff alleges that the subject Ordinance illegally terminated its marketing and event management contracts with the Parish which include a contract to provide marketing services to the Jefferson Convention and Visitors Bureau. Plaintiff alleges that the Ordinance was enacted in violation of a number of rights protected

by the United States Constitution, including rights protected by the First Amendment, the Equal Protection Clause, and Due Process. Id. at 13.

At this time, Defendant Jefferson Parish ("The Parish") has filed a motion to quash the depositions of Deborah Foshee and Ben Zahn noticed by Defendant Christopher Roberts ("Roberts") for January 6, 2017 and January 9, 2017.  R. Doc. 134, p. 1. Roberts noticed these depositions on December 26, 2016. Jefferson Parish argues that these depositions should be quashed because they fall well outside the Court's deadline for depositions to be completed. R. Doc. 134-1, p. 1. In the Court's scheduling order, "[d]epositions for trial use shall be taken and all discovery shall be completed no later than **NOVEMBER 30, 2016**." R. Doc. 82, p. 2 (emphasis in original).

Roberts argues that the motion to quash should be denied. R. Doc. 137. Roberts states during the deposition of the Plaintiffs that Plaintiff Greg Buisson indicated for the first time that a secret meeting occurred between Plaintiff Buisson, Jefferson Parish Attorney Deborah Cunningham Foshee, and Councilman Ben Zahn. *Id.* at p. 2. That deposition occurred on November 28, 2016, two days prior to the discovery deadline. *Id.* Based on that deposition testimony, Roberts states that he determined that he needed to depose both Foshee and Zahn in order to determine more about that meeting and if that meeting possibly waived any of the privileges afforded to Roberts. As such, Roberts argues that he has a need to conduct that deposition and that there will be no prejudice to the other parties if the depositions occur.

The Plaintiffs have also filed an opposition to the motion. In short, the Plaintiffs argue that they would like the deposition of both Foshee and Zahn to go forward, but would like the depositions to be moved to a time when all parties may participate. R. Doc. 141.

## II.     Standard of Review

Federal Rule of Civil Procedure 16(b) limits changes in the deadlines set by a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In determining whether good cause has been shown, the court should consider four factors: (1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice." *Huey v. Super Fresh/Sav-A-Center, Inc.*, No. 07-1169, 2008 WL 633767 at *1 (E.D. La. June 25, 2008) (citing *S & W Enterprises, L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir.2003)). Moreover, "[t]he good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S & W Enterprises, L.L.C*, 315 F.3d at 535 (quoting 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)); *see also Jackson v. Wilson Welding Servs., Inc.*, No. 10-2843, 2012 WL 14265 (E.D. La. Jan. 4, 2012).

## III.    Analysis

Here, Roberts now seeks to take the depositions of Deborah Foshee and Ben Zahn. R. Doc. 137. The Parish has filed the instant motion to quash. R. Doc. 134. However, the deadline for taking a deposition expired on November 30, 2016. R. Doc. 82, p. 2. As such, the depositions are technically untimely and in violation of the Court's scheduling orders. *See Fairley v. Wal-Mart Stores, Inc.* No. 14-0462, 2016 WL 2992534, at *1 (E.D. La. May 24, 2016) ("It is axiomatic that to complete discovery means that all disputes relative to discovery. . .must be filed and resolved prior to that date.").

In order for the depositions to survive the instant motion to quash then, Roberts must demonstrate good cause under Rule 16. As a threshold inquiry for the good cause standard, the untimely actor must demonstrate that the deadline could not have been met despite the diligence of the party. *S & W*

*Enterprises, L.L.C*, 315 F.3d at 535. Roberts has explained that he only learned of a secret meeting between the Plaintiffis, Fohsee, and Zahn on November 28, 2016, or two days before the deposition deadline. During the meeting, certain documents were allegedly shown to the Plaintiffs, which may have waived the attorney-client, legislative, and deliberative process privileges being asserted by the defendants. As such, Roberts explains that, because he learned during the deposition for the first time that Zahn had attended the meeting, he wanted to question both Foshee and Zahn about what occurred at that meeting to determine if those privileges had been waived. R. Doc. 143, p. 2. Roberts stated that he did not act sooner because he wanted to wait for the transcript of the deposition to arrive. *Id.* The deposition transcript arrived on December 14, 2016; however, Plaintiff Buisson had not yet read or signed the transcript, thereby leaving open the possibility that Buisson would change his testimony. *Id.* As such, Roberts did not notice the depositions of Foshee or Zahn until December 22, 2016 and December 26, 2016.

The Parish argues that Robert's arguments are unavailing because the meeting had previously been revealed in documents filed by the Plaintiffs, including Record Document 99-4. In that document, Plaintiff Greg Buisson states that "the former Parish Attorney, Deborah Cunningham Foshee, met with [Buisson] and others, including her client and representative, in person, in early November 2015." R. Doc. 99-4, p. 2, ¶ 6. Similarly, the Plaintiffs acknowledge that this meeting existed in the known universe of alleged facts. R. Doc. 141, p. 5-6. Moreover, the Plaintiff states that this meeting was used in connection with their argument that privileges had been waived. *Id.*

Giving the foregoing, the Court finds Roberts' explanation for the untimely action to be unpersuasive. From the facts and record before the Court, Roberts should have known about this meeting well before the discovery/deposition deadline, even if the exact persons involved were unknown. Had Roberts acted with the necessary diligence, the deadlines could have been met. As such, Roberts has not

met Rule 16(b)(4)'s good cause standard which "require[s] the movant to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Puig v. Citibank, N.A.*, 514 F. App'x 483, 487-88 (5th Cir. 2013). As such, the Court will grant the order and quash the depositions.[1]

IV. **Conclusion**

**IT IS ORDERED** that the Defendant's **Motion to Quash (R. Doc. 134)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the depositions of Deborah Cunningham Foshee and Ben Zahn are **QUASHED.**

New Orleans, Louisiana, this 6th day of January 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court also notes that even if it went beyond the threshold question, good cause would not be found. Robert's explanation for the untimely motion is unsuccessful because he should have known about the meeting prior to the Plaintiff's deposition based on what was already on the record. Second, Roberts admits that the meeting and facts concerning the meeting are "undamaging" to his claims concerning privilege. Third, the other Parties would be prejudiced by these depositions occurring less than one month before the scheduled trial. Fourth, allowing the untimely act might create unnecessary delay given that trial is scheduled to begin in approximately one month. As such, the good cause factors weigh against allowing the depositions.