## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BUISSON CREATIVE STRATEGIES, LLC, ET AL.**                    **CIVIL ACTION**

**VERSUS**                                                      **NO: 15-6272**

**CHRISTOPHER ROBERTS, ET AL.**                                 **SECTION "H"**

## ORDER AND REASONS

Before the Court is Defendant Chris Roberts's Motion for Summary Judgment (Doc. 117). For the following reasons, this Motion is **GRANTED**.

## BACKGROUND

Plaintiffs Buisson Creative Strategies ("BCS") and Gregory Buisson bring this action against Christopher Roberts and Jefferson Parish alleging numerous constitutional violations.  Plaintiff BCS is a business that provides public relations, advertising, marketing, event management, graphic design, and consulting services.  Prior to November 4, 2015, it had numerous contracts with Jefferson Parish including providing services to the Jefferson Parish Convention and Visitors Bureau, event management services for Lafreniere Park, and event management services associated with the review stands for

Jefferson Parish's East Bank Mardi Gras parades.   During the fall 2015 primary election for the Jefferson Parish Council, Plaintiffs provided consulting services to Louis Congemi in his race for Parish Council against incumbent Defendant Christopher Roberts.   BCS produced various commercials for the Congemi campaign alleging that Roberts was unqualified for office because of, inter alia, his alleged failure to file income tax returns.

Roberts ultimately won re-election.   According to the Complaint, he was intent on retaliating against Plaintiffs for their role in creating the Congemi attack ads.   Plaintiffs aver that Roberts impermissibly used his legislative authority to enact Ordinance 25045 (the "Ordinance"), which had the effect of terminating BCS's contracts with the Parish and its entities.   The ordinance provides that any person or firm who has received compensation for the management or consulting of political campaigns for a candidate for the council or for Jefferson Parish President during an "election cycle" cannot be awarded contracts with the Parish regardless of whether a candidate wins or loses.   It also purported to terminate such individual's existing contracts with the Parish.   Plaintiffs aver that this ordinance is narrowly tailored to target them and only them.   They allege that the ordinance violates the contracts clause, the First Amendment, equal protection, due process, and the prohibition on bills of attainder.   They seek an injunction prohibiting enforcement of the ordinance and damages pursuant to 42 U.S.C. § 1983.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law."[1]  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3]  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4]  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5]  "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6]  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7]  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

---

[1] Fed. R. Civ. P. 56(c) (2012).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).

[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

3

## LAW AND ANALYSIS

In this Motion, Defendant Christopher Roberts asks the Court to dismiss Plaintiffs' claims asserted against him in his personal capacity, arguing that he is shielded from liability by the doctrine of legislative immunity.[9]  Plaintiff responds, arguing that Roberts's actions were not legislative in nature.

Absolute legislative immunity protects an individual from suit in his personal capacity for actions that are legislative in nature.[10]  This immunity has been extended to include local legislators and other individuals acting in legislative capacities.[11]  "Absolute immunity applies to activities, not offices . . . .  Legislative immunity protects officials fulfilling legislative functions even if they are not 'legislators.'  And absolute immunity only protects those duties that are functionally legislative, not all activities engaged in by a legislator."[12]

Though the Fifth Circuit has declined to adopt a definitive test to determine if an action is legislative, it has considered the tests from other circuits in determining the nature of an official's action.[13]  Relevant considerations include whether the decision made involves formulation of a policy or ad hoc decision-making,[14] whether the decision involves prospective, legislative-type rules or  executive-type enforcement,[15] and whether the facts underlying the decision are legislative facts (such as generalizations

---

[9] Plaintiffs assert claims for damages pursuant to 42 U.S.C. § 1983 against Roberts in both his individual and official capacities.  The Court has previously ruled that the claims asserted against Roberts in his official capacity survive summary judgment. (Doc. 110).

[10] *Hughes v. Tarrant County Tex.*, 948 F.2d 918, 920 (5th Cir. 1991).

[11] *Id.*

[12] *Bryan v. City of Madison*, 213 F.3d 267, 272 (5th Cir. 2000) (internal citations omitted).

[13] *Hughes*, 948 F.2d at 921.

[14] *Cinevision Corp. v. City of Burbank*, 745 F.2d 560, 580 (9th Cir. 1984).

[15] *Scott v. Greenville County*, 716 F.2d 1409 (4th Cir. 1983).

4

concerning a policy or the state of affairs) or facts that relate to particular individuals or situations (making the decision administrative).[16]

The Court finds the Supreme Court case of *Bogan v. Scott-Harris* to be particularly applicable to this matter.[17]  There, a former city employee sued local legislators in their individual capacity for their actions in enacting an ordinance eliminating her position, alleging that the ordinance was enacted in retribution for exercise of her First Amendment rights.[18]  The Court found the defendant-legislators actions to be protected by legislative immunity, specifically noting that any inquiry into their individual motivations was inappropriate.  The Court held that "[w]hether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it."[19]

In this matter, the Court finds that Christopher Roberts is entitled to legislative immunity.  Just as in *Bogan*, the actions at issue bear "all the hallmarks of traditional legislation."[20]  Roberts's actions, in proposing and voting on the Ordinance, were quintessentially legislative in nature.  Furthermore, the Ordinance involves enacting regulations applicable to all Parish contracts, implicating interests beyond just those of Plaintiffs.  Though Plaintiff argues that his purpose in proposing this legislature was retaliatory, the Court cannot properly inquire into to motivations of an individual legislator.  Accordingly, Roberts is entitled to immunity from suit in his individual capacity.

---

[16] *Citting v. Muzzey*, 724 F.2d 259 (1st Cir. 1984).
[17] 523 U.S. 44 (1998).
[18] *Id.* at 53.
[19] *Id.* at 54.
[20] *Id.* at 55.

**CONCLUSION**

For the foregoing reason, Chris Roberts's Motion for Partial Summary Judgment (Doc. 117) is **GRANTED** as outlined above.

New Orleans, Louisiana this 25th day of January, 2017.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

6