UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BUISSON CREATIVE STRATEGIES, LLC, ET AL.     CIVIL ACTION

VERSUS     NO: 15-6272

CHRISTOPHER ROBERTS, ET AL.     SECTION "H"

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for New Trial or to Alter or Amend Judgment (Doc. 203). For the following reasons, the Motion is DENIED.

## BACKGROUND

Plaintiffs Buisson Creative Strategies ("BCS") and Gregory Buisson bring this action against Christopher Roberts and Jefferson Parish alleging numerous constitutional violations. Plaintiff BCS is a business that provides public relations, advertising, marketing, event management, graphic design, and consulting services. Prior to November 4, 2015, it had numerous contracts with Jefferson Parish, including providing services to the Jefferson Parish Convention and Visitors Bureau, event management services for Lafreniere Park, and event management services associated with the review stands for

1

Jefferson Parish's East Bank Mardi Gras parades. During the fall 2015 primary election for the Jefferson Parish Council, Plaintiffs provided consulting services to Louis Congemi in his race against incumbent Defendant Christopher Roberts. BCS produced various commercials for the Congemi campaign alleging that Roberts was unqualified for office because of, inter alia, his alleged failure to file income tax returns.

Roberts ultimately won re-election. According to the Complaint, he was intent on retaliating against Plaintiffs for their role in creating the Congemi attack ads. Plaintiffs aver that Roberts impermissibly used his legislative authority to enact Ordinance 25045 (the "Ordinance"), which had the alleged effect of terminating BCS's contracts with the Parish and its entities. The Ordinance provides that any person or firm who has received compensation for the management or consulting of political campaigns for a candidate for the council or for Jefferson Parish President during an "election cycle" cannot be awarded contracts with the Parish regardless of whether a candidate wins or loses. It also purported to terminate such individual's existing contracts with the Parish. Plaintiffs aver that this ordinance is narrowly tailored to target them and only them. They allege that the ordinance violates the contracts clause, the First Amendment, equal protection, due process, and the prohibition on bills of attainder. They seek an injunction prohibiting enforcement of the Ordinance and damages pursuant to 42 U.S.C. § 1983.

On January 25, 2017, the Court held that Defendant Roberts was entitled to legislative immunity from Plaintiffs' claims against him in his personal capacity.[1] On June 21, 2017, the Court dismissed all of Plaintiffs' remaining claims because Plaintiffs lacked standing.[2] The Court found that

---

[1] Doc. 165.
[2] Doc. 193.

Plaintiffs could not show that the Ordinance had been enforced against them or was likely to be enforced against them in the future, and found that the loss of any contracts with third parties was not fairly traceable to Defendants. On June 22, 2017, the Court signed a judgment dismissing all claims against Defendants.[3] The Court amended that judgment on June 26, 2017.[4] The amendment specified that Plaintiffs' claims against Defendant Roberts in his personal capacity were dismissed with prejudice as set forth in the Court's January 25, 2017 order and reasons, and that Plaintiffs' remaining claims were dismissed without prejudice as set forth in the Court's June 21, 2017 order and reasons. The amended judgment was signed and entered on June 26, 2017.

Plaintiffs now move pursuant to Federal Rule of Civil Procedure 59 for a new trial or to alter or amend the June 22 and June 26 judgments.

## LAW AND ANALYSIS

Rule 59 requires that a motion for a new trial or to alter or amend a judgment be "filed no later than 28 days after the entry of judgment."[5] "A court must not extend the time to act" under Rule 59.[6] "The requirement that post-trial motions be filed within the relevant ten day period after entry of judgment is jurisdictional[; t]he mover's failure to serve the motion within the ten day limit deprives the district court of jurisdiction to alter or reconsider its earlier judgment."[7] Neither a waiver by the parties nor rule of the district court may

---

[3] Doc. 194.
[4] Doc. 195.
[5] Fed. R. Civ. P. 59(b), (e).
[6] Fed. R. Civ. P. 6(b)(2).
[7] U.S. Leather, Inc. v. H & W P'ship, 60 F.3d 222, 225 (5th Cir. 1995); *see also* Darouiche v. Fid. Nat. Ins. Co., 415 F. App'x 548, 551 (5th Cir. 2011) (per curium).

extend the period.[8] In other words, "[a]n untimely motion under Rule 59(e) is a nullity; the district court may refuse to consider it entirely."[9]

Rule 6 of the Federal Rules of Civil Procedure sets forth the rules for calculating time periods. When a time period is stated in days, the calculation excludes the day of the event triggering the period, counts every day including weekends and holidays, and includes the last day of the period unless it falls on a weekend or holiday.[10]

Plaintiffs' motion is not timely. Plaintiffs move to alter or amend the Court's judgment that was signed and entered on June 26, 2017.[11] The 28-day period in which to file a Rule 59 motion began on June 27. The 28th day of the period was July 24, 2017, which was neither a weekend nor a holiday. Plaintiffs filed their Motion into CM/ECF at 12:03 a.m. on July 25, 2017.[12] Therefore, Plaintiffs' Motion was not filed within 28 days of the entry of the judgment it seeks to alter, and this Court does not have jurisdiction to consider it.

Even if the motion were timely, it also fails on the merits. "[A] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[13] Plaintiffs concede that the Motion advances no new argument.[14] Therefore the Motion does not satisfy the substantive

---

[8] *U.S. Leather, Inc.*, 60 F.3d at 225.
[9] Quinn v. Guerrero, 863 F.3d 353, 360 (5th Cir. 2017).
[10] Fed. R. Civ. P. 6(a)(1); *see also Darouiche*, 415 F. App'x at 551 (calculating time).
[11] Doc. 203-2 at 1.
[12] Doc. 203, Notice of Electronic Filing.
[13] Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010) (quoting Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003)) (internal quotations omitted).
[14] *See* Doc. 203-2 at 2 ("Plaintiffs fear that their Responses . . . to the Defendants' Motions may have *buried the lede*, so to speak." (emphasis added)); Doc. 203-2 at 4 ("The parties *Memoranda and Responses adequately addressed the law* of standing in the context of 42

requirements of Rule 59. Nor has Plaintiff asserted any of the grounds for relief allowable under Rule 60(b), in the event the Court were to consider the Motion as one for relief from judgment.[15]

Accordingly, Plaintiffs' Motion is DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for New Trial or to Alter or Amend Judgment is **DENIED**.

New Orleans, Louisiana this 24th day of October, 2017.

*[signature]*

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

U.S.C. § 1983. Here, Plaintiffs feel *compelled to reiterate* only two guiding principles . . . ." (emphasis added)); Doc. 203-2 at 9 ("Plaintiffs respectfully seek a new trial and/or to amend and alter the Amended Judgment (Doc. 195) should be granted *for the reasons set forth in their Opposition* to Defendant Roberts' Motion for Partial Summary Judgment (Doc. 118) and Opposition to Motion for Judgment (Doc. 189)." (emphasis added)).

[15] *See* Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990) (holding that a motion to reconsider filed after the Rule 59(e) deadline should be treated as a Rule 60(b) motion for relief from judgment); Fed. R. Civ. P. 60(b).