UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BUISSON CREATIVE STRATEGIES, LLC,     CIVIL ACTION
ET AL

VERSUS     NO: 15-6272

CHRISTOPHER ROBERTS, ET AL     SECTION "H"

## ORDER AND REASONS

Before the Court is Defendant Christopher Roberts's Motion for Attorney's Fees (Doc. 196). For the following reasons, the Motion is DENIED.

## BACKGROUND

Plaintiffs Buisson Creative Strategies ("BCS") and Gregory Buisson bring this action against Christopher Roberts and Jefferson Parish alleging numerous constitutional violations. Plaintiff BCS is a business that provides public relations, advertising, marketing, event management, graphic design, and consulting services. Prior to November 4, 2015, it had numerous contracts with Jefferson Parish, including providing services to the Jefferson Parish Convention and Visitors Bureau, event management services for Lafreniere Park, and event management services associated with the review stands for Jefferson Parish's East Bank Mardi Gras parades. During the fall 2015

primary election for the Jefferson Parish Council, Plaintiffs provided consulting services to Louis Congemi in his race against incumbent Defendant Christopher Roberts. BCS produced various commercials for the Congemi campaign alleging that Roberts was unqualified for office because of, inter alia, his alleged failure to file income tax returns.

Roberts ultimately won re-election. According to the Complaint, he was intent on retaliating against Plaintiffs for their role in creating the Congemi attack ads. Plaintiffs aver that Roberts impermissibly used his legislative authority to enact Ordinance 25045 (the "Ordinance"), which had the alleged effect of terminating BCS's contracts with the Parish and its entities. The Ordinance provides that any person or firm who has received compensation for the management or consulting of political campaigns for a candidate for the council or for Jefferson Parish President during an "election cycle" cannot be awarded contracts with the Parish regardless of whether a candidate wins or loses. It also purported to terminate such individual's existing contracts with the Parish. Plaintiffs aver that this ordinance is narrowly tailored to target them and only them. They allege that the ordinance violates the contracts clause, the First Amendment, equal protection, due process, and the prohibition on bills of attainder. They seek an injunction prohibiting enforcement of the Ordinance and damages pursuant to 42 U.S.C. § 1983.

Plaintiffs named Roberts as a defendant in both his official capacity as a member of the Jefferson Parish Council and his personal capacity.[1] Defendant Roberts in his personal capacity waived service of Plaintiffs' Complaint on December 21, 2015.[2] Roberts answered the Complaint on February 15, 2016 in

---

[1] *See* Docs. 1, 118 at 8.
[2] Doc. 12.

his personal and official capacities, asserting inter alia the defense of legislative immunity.[3] Plaintiffs filed a Motion for Preliminary Injunction on May 19, 2016, which Defendant Roberts opposed in his personal and official capacities.[4] Defendant Roberts in his personal capacity moved for summary judgment dismissing Plaintiffs' suit on the basis of legislative immunity on October 28, 2016.[5] The Court took that Motion under submission on November 16, 2016, and allowed Roberts to file a supplemental brief on December 22, 2016.[6] Defendant Roberts in his personal and official capacities submitted opposition memoranda on January 4 and 5, 2017 to Defendant Jefferson Parish's motion to quash a deposition.[7] In January 2017, Defendant Roberts in his personal and official capacities made and opposed motions in limine and participated in the preparation of a pretrial order in advance of a trial scheduled to begin February 6, 2017.[8]

On January 25, 2017, the Court held that Defendant Roberts was entitled to legislative immunity from Plaintiffs' claims against him in his personal capacity.[9] On June 21, 2017, the Court dismissed all of Plaintiffs' remaining claims because Plaintiffs lacked standing.[10] The Court found that Plaintiffs could not show that the Ordinance had been enforced against them or was likely to be enforced against them in the future, and found that the loss of any contracts with third parties was not fairly traceable to Defendants.

---

[3] Doc. 14 at 19.
[4] Docs. 22, 34, 64. The hearing on that Motion was continued and ultimately cancelled on August 16, 2016. *See* Docs. 48, 70.
[5] Doc. 117.
[6] Doc. 132.
[7] Doc. 137.
[8] Docs. 156, 162, 153. The trail was continued indefinitely on January 18, 2017. *See* Doc. 164.
[9] Doc. 165.
[10] Doc. 193.

On July 6, 2017, Defendant Roberts in his personal capacity submitted a Motion for Attorney Fees pursuant to 42 U.S.C. § 1988 as the prevailing party in a § 1983 action.[11] The Court granted multiple motions by Plaintiffs to continue the submission date of Defendant's Motion, and eventually took the Motion under submission without opposition.[12] Plaintiffs retained new counsel who petitioned the Court for leave to file a response, which the Court granted.[13]

## **LEGAL STANDARD**

Pursuant to 42 U.S.C. § 1988, a court may, in its discretion, award attorney's fees to the prevailing party in a § 1983 action. "A prevailing defendant [in a § 1983 action] is entitled to fees only when a plaintiff's underlying claim is frivolous, unreasonable, or groundless."[14] "[A] court must ask whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful."[15] "To determine whether a claim is frivolous or groundless, [the Fifth Circuit has] stated that courts may examine factors such as: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the court dismissed the case or held a full trial."[16] If a suit involves both frivolous and non-frivolous claims, a court may grant reasonable fees to the prevailing defendant only for costs that the defendant

---

[11] Doc. 196.
[12] Doc. 219.
[13] Doc. 223.
[14] Myers v. City of W. Monroe, 211 F.3d 289, 292 (5th Cir. 2000).
[15] Offord v. Parker, 456 F. App'x 472, 474 (5th Cir. 2012).
[16] Doe v. Silsbee Indep. Sch. Dist., 440 F. App'x 421, 425 (5th Cir. 2011).

4

would not have incurred but for the frivolous claims.[17] Accordingly, a court must assess the frivolity of each claim individually.[18]

## LAW AND ANALYSIS

Defendant Roberts in his personal capacity is the prevailing party under § 1988 because he successfully invoked absolute legislative immunity.[19] However, this Court declines to exercise its discretion to award Defendant attorney fees under § 1988. The Court finds that Plaintiffs claims were not "so lacking in arguable merit as to be groundless."[20] Plaintiffs argued that the actions of Defendant Roberts were so narrowly and obviously targeted at Plaintiffs specifically that they effectively constituted administrative acts not covered by legislative immunity.[21] While this argument was not ultimately successful, neither was it entirely groundless. In terms of the three factors identified above, Plaintiffs therefore presented a colorable, though unsuccessful, prima facie case. Additionally, the parties engaged in settlement negotiations.[22] And while Plaintiffs' personal-capacity claim against Defendant Roberts was dismissed without a trial, briefing on the motion for summary judgment extended nearly a year after Defendant waived service and

---

[17] Fox v. Vice, 563 U.S. 826, 836 (2011).
[18] *See* Greco v. Velvet Cactus, LLC, No. 13-3514, 2014 WL 6684913, at *2 (E.D. La. Nov. 25, 2014).
[19] *See* DeLeon v. City of Haltom City, 113 F. App'x 577, 578 (5th Cir. 2004) (finding that the successful invocation of absolute judicial immunity made a defendant the prevailing party under § 1988).
[20] *See Offord*, 456 F. App'x at 474.
[21] For example, Plaintiffs specifically alleged that Defendant Roberts sent a text message to Plaintiff Buisson warning him that, "We're coming. Lawyer up baldy," and required Plaintiffs' client to appear before the council to detail its relationship with Plaintiffs. *See* Docs. 1, 75-4.
[22] Defendant argues that it never offered to settle the individual-capacity claim.

well into significant discovery practice. Accordingly, the Court finds that Plaintiffs' claim was not frivolous.

Furthermore, even if the claim were to satisfy the three-part test for frivolity, the Court exercises its discretion to not award fees.[23] "[D]ifferent equitable considerations [are] at stake" when a defendant prevails.[24] Awards to prevailing defendants are intended to "insulate[] defendants from the monetary strain of 'burdensome litigation having no legal or factual basis.'"[25] Here, Plaintiffs' other claims were dismissed on standing grounds because Defendants decided not to enforce the ordinance in question.[26] And although Defendant Roberts argues that Plaintiffs maintained this action out of personal animus, the Court will not countenance Defendant's own apparent vendetta against Plaintiffs with an award of attorney fees. Plaintiffs' claims against Defendant Roberts in his personal capacity may have ultimately failed on a legal basis, but they do not represent the type of factually groundless or vexatious litigation Congress intended to discourage.[27]

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion is DENIED.

---

[23] 42 U.S.C. § 1988 ("[T]he court, in its discretion, *may* allow the prevailing party . . . a reasonable attorney's fee . . . .") (emphasis added).
[24] Cantu Servs., Inc. v. Frazier, 682 F. App'x 339, 342 (5th Cir. 2017) (internal quotations omitted).
[25] *Id.* (quoting *Fox*, 563 U.S. at 833).
[26] *See* Doc. 193.
[27] *See* Orange v. Cty. of Suffolk, 830 F. Supp. 701, 707 (E.D.N.Y. 1993) (denying fees after finding defendants "clearly" had legislative immunity); *see also* Bailey v. Normand, No. 12-2795, 2015 WL 1268325, at *4 (E.D. La. Mar. 19, 2015) (declining to award fees relating to a frivolous claim for vicarious liability under § 1983 when plaintiffs' claim was grounded in facts).

New Orleans, Louisiana this 27th day of February, 2018.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**